MUNICIPAL GOVERNMENT — ORDINANCES Under Article XVIII of the Oklahoma Constitution and Title 11 O.S. 642 [11-642] (1971), municipal forms of government, operating under a charter, have the power to pass appropriate ordinances so long as those ordinances comport with due process and are reasonable in scope as set forth by statutory limitations. The Attorney General's office is in receipt of your opinion request wherein you ask the following questions: "1. Can a city municipal government operate under a charter within their statutory and common law authority pertaining to zoning and within their governmental police power pass an ordinance limiting the amount of multiple family dwellings that can be built to ten (10) per acre, where that same municipality has begun to seriously suffer from over-construction of apartments which have previously been built in densities up to thirty-two (32) units per acre; "2. Can the city council pass an ordinance which would make the limitation in paragraph one above retroactive to all property which has been zoned for multiple family construction and upon which substantial construction has not yet been commenced ?" As to your first question, Article XVIII, Section 3(a) of the Oklahoma Constitution, Section 3(a) is the basic provision for the adoption and framing of a municipal charter. Section 3(a) states in pertinent part: "Any city containing a population of more than 2,000 inhabitants may frame a charter for its own government, consistent with and subject to the Constitution and laws of this State, by causing a board of freeholders, composed of two from each ward, who shall be qualified electors of such city, to be elected by the qualified electors of said city, at any general or special election, whose duty it shall be, within ninety days after such election, to prepare and propose a charter for such city, . . . . upon such approval it shall become the organic law of such city and supersede any existing charter and all amendments thereof and all ordinances inconsistent with it. . . ." Title 11 O.S. 568 [11-568] (1971) sets out the corporate powers of all cities governed by the provisions of this chapter which chapter in part concerns itself with charter forms of city government. Section 568 states: "All cities governed by the provisions of this chapter shall be bodies corporate and politic, and shall have the power to sue and be sued, to purchase and hold real and personal property, for the use of the city, to sell and convey any real or personal property, owned by the city, and make such order respecting the same as may be conducive to the best interests of the city, to make all contracts and do all other acts in relation to the property and affairs of the city, necessary to the good government of the city, and to the exercise of its corporate and administrative powers, to have and use a corporate seal and alter the same at pleasure, and to exercise such other and further powers as are, or may be conferred by law." Title 11 O.S. 642 [11-642] (1971) sets out the general powers of a city government. Section 642 states: "The mayor and council shall have the care, management and control of the city and its finances, and shall have the power to enact, ordain, alter, modify or repeal any and all ordinances not repugnant to the laws of the United States and the Constitution and the laws of this State, as they shall deem expedient and for the good government of the city, the preservation of peace and good order, the suppression of vice and immorality, and the benefit of trade and commerce, and the health of the inhabitants thereof, and such ordinances, rules and regulations as may be necessary to carry such power into effect. They shall divide the city into not less than four wards, and establish the boundaries thereof. The council shall have no power to allow or pay any debt or obligation of any character arising from any act done, or thing bought by any provisional government, formerly existing, where the cities now are, nor of any debt, to any person made therewith under any guise whatsoever, unless authorized so to do by a majority of the legal voters of such city." Title 11 O.S. 672 [11-672] (1971) gives the authority, to any city governing body, to pass any ordinances. Section 672 states in pertinent part: "(a) For any purpose mentioned in Title 11, O.S., the governing body shall have the power to enact and make all necessary ordinances, rules and regulations, and they shall, also, have the power to enact and make all such ordinances, by-laws, rules and regulations not inconsistent with the laws of the State as may be expedient for maintaining the peace, good government, and welfare of the city or town, and its trade and commerce; and all ordinances may be enforced by prescribing and inflicting upon inhabitants or other persons violating the same, such fines or such imprisonment as authorized by subsections (b) and (c) of this section, . . ." It is clear, therefore, by a plain reading of the statutes, that a city municipal government may pass ordinances with respect to zoning restrictions as long as the procedure for enacting such ordinances comport with both procedural and substantive guidelines as required by the pertinent sections of the statutes. The question of whether the restrictions as posed in your question comply with the above requirements of the statute, is a question which this office is not in a position to answer. As to your second question, it may be answered on the same basis as the previous question above. All cities operating under a municipal charter form of government have the power to pass ordinances as long as those ordinances comport with the Constitution of the United States, the statutes of the United States, the Constitution of Oklahoma and the statutes of Oklahoma. It is, therefore, the opinion of the Attorney General that your questions should be answered in the affirmative, in part, in that under Article XVIII of the Oklahoma Constitution and Title 11 O.S. 642 [11-642] (1971), municipal forms of government have the power to enact appropriate ordinances so long as those ordinances comport with due process and are reasonable in scope, as set forth by statutory limitations. However, we cannot determine as to whether specific restrictions, as those proposed in your question, will meet the test of reasonableness as a matter of due process under the facts as given. (Odie A. Nance) ** SEE: OPINION NO. 78-150 (1978) **